**Marisol AMADO; Antonio Villanueva, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76261.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel G. Lonergan, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Marisol Amado and Antonio Villanueva seek review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's order denying their applications for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss the petition for review in part and deny in part.

Petitioners' contention that the agency misapplied the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed). Petitioners' contention that the hardship standard set forth in 8 U.S.C. § 1229b(b)(1)(D) is unconstitutionally vague also fails to state a colorable due process claim. *See Martinez–Rosas*, 424 F.3d at 930.

R.App. P. 34(a)(2).

We do not consider Villanueva's contention regarding physical presence, because Villanueva's failure to establish hardship is dispositive.

We are not persuaded that petitioners' removal results in the deprivation of their children's cognizable rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

Petitioners' final contention that the BIA violated their due process rights by denying to accept a late brief fails because they have not established any prejudice. *Cf. Singh v. Ashcroft*, 362 F.3d 1164, 1168–69 (9th Cir.2004) (finding due process violation when BIA sent briefing schedule and transcript to wrong address and denied petitioner's motion to file a late brief to explain allegedly inconsistent testimony).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.